UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-cv-24707-KING

JENNIFER SUTTON,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., a/k/a
ROYAL CARIBBEAN CRUISES LTD., A
LIBERIAN CORPORATION, d/b/a ROYAL
CARIBBEAN CRUISE LINE and d/b/a
ROYAL CARIBBEAN INTERNATIONAL,

    Defendant.
_____/

## **FINAL SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court upon Defendant Royal Caribbean's Motion for Summary Judgment (DE #28), filed on November 5, 2017. This matter is fully briefed,[1] and upon review of the record and careful consideration, the Court finds that Defendant's Motion for Summary Judgment should be granted.

### I. Background

This negligence action arises out of personal injuries Plaintiff allegedly sustained in an accident during a cruise aboard the Royal Caribbean vessel *Independence of the Seas* in January of 2016. Specifically, Plaintiff claims that while on the dance floor in the on-board nightclub, a piece of mirror weighing three ounces[2] fell from a light fixture on the ceiling 10 feet above the dance floor and struck her in the head. Plaintiff picked up the piece of mirror, reported the

---

[1] Plaintiff has filed her Response in Opposition (DE #35), and Defendant has filed its Reply in Support of Summary Judgment (DE #39).

[2] Plaintiff, in her response to Defendant's statement of undisputed facts, does not agree for summary judgment purposes to the weight of the subject mirror. The Court ascribes no significance to the weight of the mirror, concluding as described below that Defendant did not have any prior notice of any danger it allegedly posed to passengers, and uses the weight described by Defendant only to give context to the alleged incident.

1

incident to a Royal Caribbean employee, and went to the ship's medical center. Plaintiff did not sustain any cut, bleeding, or other detectable trauma to the head, and was treated with an ice pack and ibuprofen.

The subject mirror was part of an "MX-10 Extreme" lighting machine, which creates a disco-ball lighting effect by using small rotating mirrors to reflect light. The mirror itself was affixed to the MX-10 by two bolts or screws. Prior to the subject incident, there had been no prior incidents on Royal Caribbean's vessels involving parts falling from MX-10 lighting machines specifically, or from lighting and sound equipment generally.

## II. Summary Judgment Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and

2

admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Further, the existence of a "scintilla" of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Matsushita*, 475 U.S. at 592–94; *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court must also determine whether the dispute about a material fact is indeed genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see, e.g., Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991).

III. **Discussion**

General maritime law applies. *See Keefe v. Bahama Cruise Lines, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). To establish a negligence claim, Plaintiff must show that Defendant had a duty of care, Defendant breached that duty, that such breach was the actual and proximate cause of Plaintiff's injury, and that Plaintiff suffered damages. *Sorrels v. NCL (Bahamas) Ltd.*, 796

F.3d 1275, 1280 (11th Cir. 2015). A cruise ship only has a duty to warn passengers of dangers that it has notice of and may not be apparent to a reasonable passenger:

> [T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition[.]

*See Malley v. Royal Caribbean Cruises LTD*, --- Fed. Appx. ---, 2017 WL 5192361 at *2 (11th Cir. Nov. 9, 2017) (quoting *Keefe*, 867 F.2d at 1322). If the cruise ship did not have notice of the hazardous condition, actual or constructive, or if the hazardous condition is open and obvious to a reasonable person, the ship has no duty to warn. *Id*. To demonstrate notice, Plaintiff may point to previous incidents or injuries or show that Defendant had previously warned of the danger. *See Sorrels*, 796 F.3d at 1280.

There is no evidence in this record establishing that Defendant was on notice of the alleged dangerous condition posed by the mirror or the MX-10 lighting machine. Plaintiff has not come forward with any evidence that falling lighting (or other) equipment, whether in on-board nightclubs, restaurants, lounges, theatres, or other spaces, had injured passengers or crew members in the past. The record contains no accident reports, passenger comments or complaints, or other documents that could tend to show that Royal Caribbean should have been aware of the potential for such an accident to occur. And Plaintiff has not come forward with any evidence that Defendant was aware of any similar accidents. Accordingly, because Defendant was not on notice, actual or constructive, of the allegedly dangerous condition, Defendant did not owe Plaintiff any duty to warn of the allegedly dangerous condition, and is entitled to summary judgment.

Finally, Plaintiff's attempt to invoke the doctrine of *res ipsa loquitur* fails. Where applicable, the doctrine can "provide[] an injured plaintiff with a common-sense inference of

negligence where direct proof of negligence is wanting." *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.*, 358 So. 2d 1339, 1341 (Fla. 1978). For the doctrine to apply, plaintiff must show: (1) she was without fault, (2) the instrumentality was under defendant's exclusive control, and (3) the incident is of a type that does not occur in the absence of negligence on the part of defendant. *See Johnson v. United States*, 333 U.S. 46 (1948). This third prong requires a plaintiff essentially to rule out other equally probable alternative causes, and "should not be invoked in the face of a competing reasonable inference that the accident was due to a cause other than defendant's negligence." *Louisiana & A.R. Co. v. Fireman's Fund Ins. Co.*, 380 F.2d 541 (5th Cir. 1967). Here, there are the competing reasonable inferences that the MX-10 lighting machine had a design defect, or that the screws by which the mirror was affixed loosened undetectably over time, either of which causes are not negligence on the part of Royal Caribbean. Accordingly, plaintiff cannot avail herself of the doctrine in this case.

## IV. Conclusion

The undisputed facts show that Defendant was not on notice of the allegedly dangerous condition created by MX-10 lighting machine. Accordingly, Defendant had no duty to warn of such condition and cannot be held liable for any negligence related to Plaintiff's alleged injuries.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Royal Caribbean's Motion for Summary Judgment (DE #28) be, and the same hereby is, **GRANTED**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 25th day of January, 2018.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All counsel of record

5