UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24707-CIV-KING/SIMONTON

JENNIFER SUTTON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISE LINE.,

    Defendant.

_____/

## ORDER GRANTING, IN PART, DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court upon Defendant's Motion to Tax Costs, ECF No. [51]. The Plaintiff has filed a Response in opposition and the Defendant has filed a Reply, ECF Nos. [56] [57]. The Honorable James Lawrence King, United States District Judge, has referred the Motion to the undersigned, ECF No. [52]. Based upon a thorough review of the record and for the following reasons, the Motion is GRANTED IN PART, and costs are awarded to the Defendant in the amount of $2,235.70 for taxable costs incurred in this action.[1]

### I. BACKGROUND

This matter was initiated when Plaintiff Jennifer Sutton filed a Complaint against Royal Caribbean Cruises, Ltd., *et al.*, ("RCL"), related to injuries she suffered as a passenger aboard an RCL ship, when she was struck in the head by a mirror that became dislodged from the ceiling in a nightclub on that ship, ECF No. [1].

---

[1] If either of the Parties contends, and the District Judge agrees, that this matter is more properly resolved through a report and recommendation instead of an order, the undersigned intends it to be treated as such.

On January 25, 2018, the Court granted Defendant RCL's Motion for Summary Judgment and Final Judgment was entered on behalf of RCL, ECF Nos. [47] [48]. On February 22, 2018, the Plaintiff filed a Notice of Appeal reflecting that she has filed an appeal of the Court's Final Judgment to the Eleventh Circuit Court of Appeals, ECF No. [53].

Defendant has filed the instant Motion to Tax Costs seeking to recover $2,360.70 for costs incurred in defending this matter, ECF No. [51]. In support of its request, the Defendant submitted a Memorandum of Law and receipts for the costs that the Defendant sought to recover, ECF Nos. [51] [51-1] [51-2]. The Plaintiff filed a response in Opposition to the Motion, wherein the Plaintiff contended that the Defendant was not entitled to recover all of the costs that it sought, ECF No. [56]. Specifically, Plaintiff asserted that the Defendant was not entitled to recover process server costs in the amount of $60.00 for obtaining service on Radiology Associates of Pensacola, located in Pensacola, Florida, which Plaintiff contended did not relate to the action at bar, ECF No. [56] at 2-3. In addition, Plaintiff contended that the Defendant was not entitled to recover all of the costs sought related to depositions taken in this action. On this point, the Plaintiff argued that the Defendant was not entitled to recover the $50.00 fee incurred for obtaining an "E-Tran" transcript and the $15.00 for a compressed transcript because those items were obtained for counsel's convenience, rather than "necessarily obtained for use in the case" as required by § 1920. The Plaintiff similarly argued that the Defendant was not entitled to recoup all of the $924.00 that it sought for Plaintiff's deposition where the invoice for that deposition reflected that Defendant obtained both an original and a copy of that transcript. The Plaintiff contended that the additional copy was an excess expense and thus a non-taxable convenience. Further, the Plaintiff

disputed the Defendant's claim for $190.00 for costs incurred in court reporter "appearance fees" associated with the deposition costs.

The Plaintiff additionally asserts that the Court should stay the Motion pending the resolution of the appeal of this action. The Plaintiff contends that good cause exists to stay this motion until the appeal is resolved given the meritorious nature of her appeal. Plaintiff further contends that she should not be required to post a bond related to the motion because the Defendant only seeks $2,360.70 in costs and the Plaintiff is likely to remain solvent during the resolution of the appeal, ECF No. [56] at 7. Finally, the Plaintiff requests an oral argument on the Defendant's requests for costs.

In Reply, the Defendant first argues that, as held by several courts in this district, there is no valid reason why the request for an award of costs should be stayed pending resolution of the appeal. In addition, in response to the Plaintiff's objections to the amount of costs sought, the Defendant has agreed to deduct certain costs from the bill of costs, to the extent that those costs are not recoverable. First, the Defendant withdrew its request to recover the $50.00 E-Tran charge and the $15.00 compressed transcript charge related to the corporate representative deposition. The Defendant also agreed to withdraw its request for the costs related to service of process for Radiology Associates of Pensacola explaining that those costs are related to another action. However, the Defendant argues that the $924.00 cost for a copy of the Plaintiff's deposition transcript is actually only for the cost of the original transcript and thus is compensable, and further contends that the other costs sought, including the costs incurred for the appearance of the court reporter for Plaintiff's deposition are recoverable. Defendant has submitted a revised Bill of Costs reflecting the deductions to

which it agrees, and thus now only seeks to recover costs in the amount of $2,235.70, ECF No. [57-1].

## II. ANALYSIS

### A. *There is no valid reason to stay the instant motion*

At the outset, the undersigned finds that under the facts of this case, there is no valid reason to stay the Motion to Tax Costs pending the resolution of the appeal. First, the amounts sought by the Defendant are discreet and well within the costs typically awarded to prevailing parties. Second, there is no indication that the Plaintiff would be irreparably harmed by an award of costs in the amount sought by the Defendant at this juncture. *See e.g. Breedlove v. Hartford Life & Accident Ins. Co.*, No. 6:11–cv–9911–ORL–28TBS, 2013 WL 361825, at *1–*2 (M.D. Fla. Jan. 30, 2013) (denying motion to stay ruling on costs pending appeal, where, among other things, non–prevailing parties failed to show that they would be irreparably harmed simply because the costs would have to be transferred back to them if they prevailed on appeal). Finally, as noted by the Court in *Lavora v. NCL (Bahamas) Ltd.*, No. 15-24285-CIV-COOKE/TORRES, 2017 WL 5308511, *3 (Feb. 24, 2017), several other courts in this circuit have declined to stay a ruling on a bill of costs where there is no valid reason for postponing that decision. *Id.* citing *Grovner v. Georgia Dep't of Nat. Res.*, No. CV 213-89, 2015 WL 6453163, at *2 (S.D. Ga. Oct. 23, 2015); *Yale Galanter, P.A. v. Johnson*, No. 06-60742-CIV, 2008 WL 1766907, at *1 (S.D. Fla. Apr. 14, 2008) ("While the Court understands it has the authority to deny the bill of costs without prejudice to refiling after resolution of the appeal, the Court prefers to rule upon the motion at this time and enter a judgment for costs."). The Plaintiff's request for a stay of the Defendant's Motion is denied.

### B. *Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920*

Pursuant to Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. See *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). Pursuant to that section, the following costs are taxable:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### C. *Costs sought by the Defendant*

#### 1. *Fees for service of summons and subpoena*

In the revised Bill of Costs, the Defendant first seeks to recover four hundred and fifty dollars ($450.00) for fees for service of summons and subpoena, ECF No. [57-1] at 2. The Defendant explains that the subpoenas, served by private process servers, were directed to Plaintiff's various medical providers to obtain her medical records and thus contends are reasonable. The Plaintiff did not raise an objection to the subpoena fees

5

sought other than to the extent that those fees included a subpoenas served on a Pensacola medical entity, and the Defendant has now withdrawn that particular invoice.

The Eleventh Circuit has found that the fees of a private process server may be taxed under § 1920. *EEOC v. W & O, Inc.*, 214 F.3d 600, 620 (11th Cir. 2000).[2] However, when a private process server is used, the fee should not exceed the U.S. Marshal's Service charge of $65.00 per hour. *Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at *2 (S.D. Fla. Sept. 27, 2010).

The undersigned has reviewed the subpoena invoices submitted by the Defendant. Those subpoenas all appear to relate to the Plaintiff's medical records and the Defndant has limited the fees sought to the $65.00 per hour as charged by the U.S. Marshal. Accordingly, the Defendant is entitled to recover $450.00 for fees pursuant to § 1920(1).

2. *Fees for Deposition and Deposition Transcripts*

In the Eleventh Circuit, deposition transcripts are generally taxable as long as they were "necessarily obtained for use in the case." *E.E.O.C.*, 213 F.3d at, 620-21. In addition, many courts in this district have held that court reporter attendance fees are taxable as costs. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013).

Here, Plaintiff did not contend that the depositions were not necessary to defend this action. Rather, the Plaintiff objected to an award of additional expenses associated with the depositions for the appearance fee of the court reporter, an E-transcript, a compressed transcript and additional fees for extra copies of a deposition transcript, ECF No. [56] at 4-5. The Defendant originally sought to recover $1,850.70 for costs

---

[2] Fees for subpoenas are compensable under §1920(1) as part of fees of the marshal as described in §1921(B). *EEOC v. W & O, Inc.*, 214 F.3d at 624.

incurred in obtaining the deposition transcripts but has now reduced that amount to $1,785.70. The Defendant has thus deducted the costs for E-transcript ($50.00) and compressed deposition transcript ($15.00) which the Plaintiff objected to as being for the convenience of counsel rather than necessary to defend this action. However, the Defendant maintains that it is entitled to recover the court reporter appearance fees. In addition, the Defendant contends that it contacted the court reporter's office that issued the invoice reflecting that the Defendant was charged $924.00 for one original and one copy of the Plaintiff's deposition transcript, ECF No. [57] at 3. The Defendant states that the court reporter service confirmed that the $924.00 amount was only for an original transcript, (rather than for an original and a copy) and the Defendant has submitted an amended invoice reflecting that charge, ECF No. [57-2].

    The undersigned has reviewed the record in this case as well as the Defendant's invoices related to the depositions and concludes that the Defendant is entitled to recover the revised amount of costs incurred related to the depositions. As to the court reporter appearance fees, the undersigned is aware that there is a split in the circuit regarding whether such costs are compensable under § 1920. *See Feise v. North Broward Hosp. Dist.*, No. 14-61556-CIV-BLOOM/VALLE, 2017 WL 3315144, *3 (S.D. Fla. Aug. 3, 2017) (discussing split of authority in light of 2008 amendment to § 1920). However, the undersigned is persuaded by those courts that have concluded that attendance fees of court reporters are taxable costs under § 1920 because it is necessary for the court reporter to appear, record the testimony and then prepare the deposition transcript in order for the deposition to occur. *Feise v. North Broward Hosp. Dist.*, No. 14-61556-CIV-BLOOM/VALLE, 2017 WL 3315144, *3 (S.D. Fla. Aug. 3, 2017) (stating "This Court finds that appearances fees are recoverable. The current version of § 1920(2)

allows the taxation of '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.' 28 U.S.C. § 1920 . . . The word 'fees' includes all costs associated with preparing the transcript, which would necessarily include the court reporter's appearance fee.") *See also*, *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) (stating ". . . this Court is not convinced that Congress intended the 2008 amendment to Section 1920(2) to restrict recovery of court-reporter appearance fees."). See also, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (finding that appearance fees are directly related to preparing the transcript). *But see*, *Rodriguez v. Marble Care Int'l, Inc.*, 862 F.Supp.2d 1316, 1320 (S.D. Fla. 2012) (citing authority discussing the §1920 amendment, which replaced "[f]ees of the court reporter" with "fees for printed or electronically recorded transcripts," as evidence of Congress's intent to restrict recovery of appearance fees). Accordingly, the undersigned concludes that Defendant is entitled to recover the court reporter's appearance fees.

As to the revised invoice from the court reporter which reflects that the $924.00 charge was only for an original copy of the Plaintiff's deposition, that charge is recoverable by the Defendant, as it was necessary to defend this case and not for the convenience of counsel.

Defendant is therefore entitled to recover the $1,785.70 for deposition and transcription fees, which is the full amount of the Defendant's revised request for depositions and transcription fees.

III. <u>CONCLUSION</u>

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Defendant's Bill of Costs, ECF No. [91] is **GRANTED, IN PART.** The Defendant, as a prevailing party, is hereby awarded costs in the amount of $2,235.70 reflecting: 1) $450.00 in fees for service of summons and subpoena; and 2) $1,785.70 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.[3]

**DONE AND ORDERED** at Miami, Florida, this 7th day of September, 2018.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:
The Honorable James Lawrence King,
    United States District Judge
All counsel of record**

---

[3] **The undersigned has determined that an oral argument on the issues raised by the Parties is not necessary.**